[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Royal Properties Associates (Royal) is before this Court seeking a preliminary injunction enjoining Defendant Rhode Island Hospital Trust National Bank (RIHT) from foreclosing on Royal's property located at 80 Ashburne Street and 258 Columbus Avenue in Pawtucket, Rhode Island.
Royal is a general partnership comprised of Raymond Reef, Richard Goldman, and Miriam Goldman. In December 1987, Royal purchased a 30 unit apartment building located at 80 Ashburne Street and 258 Columbus Avenue in Pawtucket. The partners executed a promissory note in favor of RIHT for $1 million. The note was secured by a mortgage on the property and a $250,000 certificate of deposit. Pursuant to its terms, the note required the partners to make monthly principal and interest payments by the last day of each month commencing on January 31, 1988. There was no grace period for late mortgage payments. Royal consistently paid its monthly mortgage obligation within thirty days of the due date. RIHT acquiesced to Royal's late payments and never sent Royal a late notice or notice of default for failure to strictly comply with the note terms.
Royal originally delegated to Richard Goldman the responsibility of issuing checks on behalf of Royal's creditors. Richard Goldman issued checks at random from three separate partnership checkbooks which were drawn on the same partnership account. Occasionally Miriam Goldman and Raymond Reef would receive blank checks to pay certain creditors in the event that Richard Goldman was unavailable. For accounting purposes, Miriam Goldman and Raymond Reef were required to notify Richard Goldman each time they paid a creditor using these blank checks.
In 1991, Raymond Reef assumed Richard Goldman's check issuing and record keeping responsibilities. Reef's comptroller, Paul Sutter, was thereafter responsible for maintaining the ledger and issuing partnership checks. Prior to Sutter's actual possession of the checkbooks, Miriam Goldman received from Richard Goldman two blank checks numbered 518 and 519. On May 22, 1991, Mr. Reef instructed Miriam Goldman to issue one of the blank checks in her possession to satisfy the April 30, 1991 monthly mortgage obligation in the amount of $8,936.15. Miriam Goldman has testified that she issued check number 518 and mailed payment to RIHT. Miriam Goldman then notified Paul Sutter who recorded the payment in the ledger.
RIHT never received check number 518. As of June 5, 1991 RIHT had not received either of the payments due on April 30, 1991 and May 31, 1991 respectively. On June 5, 1991, RIHT notified Royal in writing that the note was in default and that RIHT had decided to accelerate the debt. RIHT demanded full payment of the note by July 6, 1991. On June 10, 1991, Mr. Reef hand delivered the April 30, 1991 mortgage payment to RIHT in Providence.
RIHT scheduled foreclosure proceedings for August 8, 1991. Royal has brought the instant action requesting this Court to enjoin RIHT from foreclosing on the property. Royal has continued to satisfy its monthly mortgage obligation, and RIHT has agreed not to proceed with the foreclosure sale until further order from this Court.
A preliminary injunction is an extraordinary remedy that lies within the sound discretion of the trial justice. Gabrilowitz v.Newman, 582 F.2d 100, 102 (1st Cir. 1978); Brown v. Amaral,460 A.2d 7, 10 (R.I. 1983). A party is entitled to a preliminary injunction only after the court is satisfied that: the plaintiff will suffer irreparable injury in the absence of an injunction; injury to the plaintiff outweighs the injunction's harm to the defendant; the plaintiff has exhibited a likelihood of success on the merits; and the injunction will not adversely affect the public interest. Auburn News Co., Inc. v. Providence JournalCo., 659 F.2d 273, 277 (1st Cir. 1983).
The propriety of a preliminary injunction initially depends on whether the requesting party will suffer irreparable harm if the injunction is denied. In the instant action, Royal would clearly suffer irreparable harm in the absence of an injunction against RIHT's foreclosure proceedings. If RIHT is not enjoined, Royal would lose the property to the foreclosure sale purchaser. While the Court is aware of Royal's right to redeem its interest in the property at the foreclosure sale or any time prior thereto, it is unlikely that Royal could secure sufficient funds. Moreover, if it is later determined that RIHT's foreclosure was unwarranted, it would be difficult to assess an appropriate legal remedy for Royal given the nonpareil character of realty.
The next step in determining whether a party is entitled to a preliminary injunction requires the reviewing court to balance the potential harm to the respective parties. While it is clear that this Court's failure to enjoin the foreclosure proceedings would result in irreparable harm to Royal, it is likewise clear that RIHT would suffer little harm if the preliminary injunction is issued. The injunction is only a temporary barrier to RIHT's right to foreclose and in no way affects its interest in the property as mortgagee. Although Royal is in default of one monthly mortgage payment, it has continued to satisfy its monthly mortgage obligation since the inception of this cause of action. Since RIHT has not lost its right to foreclose and Royal has remained current on the mortgage payments, this Court finds that Royal is at risk of suffering a disproportionate amount of harm in the absence of an injunction.
The third factor in determining whether a preliminary injunction is appropriate is whether the plaintiff has demonstrated a likelihood of success on the merits. Where, however, the plaintiff's potential injury is substantial, probability of success on the merits becomes a less significant factor in determining the injunction's propriety. Palmigiano v.Travisono, 317 F. Supp. 776 (D.C.R.I. 1970). The essential issue of dispute in this case involves whether RIHT has waived the right to allege that Royal's late payment of the mortgage constitutes a default under the terms of the note. RIHT argues that the note's contractual provisions specifically authorize foreclosure proceedings where Royal is in default (late payments) of the mortgage.
Waiver of default arises or may be inferred where the mortgagee passively acquiesces to events otherwise resulting in default, or from the mortgagee's continued recognition that the agreement is binding and enforceable under conditions of default. 50 C.J.S. § 501. In the instant action Royal has proffered evidence which indicates that it continuously made late mortgage payments. Notwithstanding the late payments, RIHT never invoked the note's default provisions. Moreover, Royal's testimonial evidence indicates that the late payment giving rise to this cause of action resulted from a failure of the postal system, rather than Royal's intentional nonpayment of its obligation. Based on this evidence, this Court is satisfied that Royal has demonstrated a probability of success on the merits.
After a review of the entire record, the parties' memoranda, and controlling law, this Court is satisfied that Royal would suffer irreparable harm in the absence of an injunction and RIHT's potential harm is relatively insignificant. Royal has also demonstrated a probability of success on the merits. This Court further finds that the requested injunction would not have an adverse impact on the public interest. Accordingly, Royal's request for a preliminary injunction enjoining RIHT's foreclosure proceedings is hereby granted.
Counsel shall prepare an appropriate order for entry.